UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD WHITTINGTON, | Case No. CV 23-6211-MWF (JPR) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |
| v. | |
| STATE OF CALIFORNIA, | |
| Defendant. | |

On July 31, 2023, Plaintiff filed a civil-rights Complaint challenging the state court's finding that he was incompetent to stand trial. On October 13, the Court dismissed the Complaint with leave to amend, explaining that Plaintiff had failed to state a claim. Meanwhile, however, Plaintiff was apparently found competent once again and was transferred back to jail from the state hospital to await trial. The Court gave Plaintiff 28 days to file an amended complaint, but to date he has neither done so nor requested an extension of time. In the order dismissing the Complaint with leave to amend, the Court warned him that if he "fail[ed] to timely file a sufficient" amended complaint, his lawsuit could be dismissed.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440.  Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, Plaintiff has offered no explanation for his failure to file an amended complaint fixing the deficiencies identified by the Court.  Thus, he has not rebutted the presumption of prejudice to Defendants.  No less drastic sanction is available, as the Complaint fails to state a claim and therefore cannot proceed, and Plaintiff is unable or unwilling to comply with the instructions for fixing his allegations.  Indeed, now that he has been returned to jail to await trial, he may no longer wish to pursue his claim challenging the competency proceedings.  And because his lawsuit cannot go forward in its current form, the Court is unable to

manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-63 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 18, 2024

_____
MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge